1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

LBT IP II LLC,

8

Plaintiff,

9

v.

10

UBER TECHNOLOGIES INC.,

11

Defendant.

Case No.  22-cv-03985-WHO

**ORDER GRANTING MOTION TO STAY**

Re: Dkt. No. 105

12

13

Defendant Uber Technologies Inc. ("Uber") moves to stay this action pending the final

14

resolution of ongoing *inter partes* review ("IPR") proceedings concerning two of the four patents-

15

in-suit.  Plaintiff LBT IP II LLC ("LBT") opposes the stay.  Under Civil Local Rule 7-1(b), I find

16

this matter appropriate for resolution without oral argument and VACATE the hearing scheduled

17

for January 25, 2023.

18

Uber's motion is GRANTED, as the case is at a relatively early stage, a ruling from the

19

Patent Trial and Appeal Board ("PTAB") will simplify the issues at hand, and LBT has not shown

20

that it will be unduly prejudiced by a stay.

21

**BACKGROUND**

22

On November 19, 2021, LBT sued Uber in the Western District of Texas, alleging the

23

infringement of four of LBT's patents: U.S. Patent Nos. 7,728,724 ("the '724 Patent"); 7,598,855

24

("the '855 Patent"); 8,531,289 ("the '289 Patent"); and 8,224,355 ("the '355 Patent").  Mot. [Dkt.

25

No. 105] 2:3-6.  Upon Uber's motion, the case was transferred here in July 2022.  *Id*. at 2:6-7.

26

Before the case was transferred, in April 2022, Uber filed four IPR petitions covering the

27

claims at issue.  *Id*. at 2:14-25.  On December 7, 2022, the PTAB instituted IPR proceedings on

28

the '855 and '289 Patents, but denied Uber's petitions for the '724 and '355 Patents.  *Id*. at 3:1-2.

United States District Court
Northern District of California

1   Just over a week later, Uber filed this motion seeking to stay this case pending final resolution of

2   the IPR proceedings.  *Id*. at 1:3-6.  The PTAB is expected to issue its final decisions in the

3   instituted IPR proceedings by December 7, 2023.  *Id*. at 3:4-5.

**LEGAL STANDARD**

5          Courts in this District consider three factors in deciding whether a case should be stayed

6   pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether

7   a stay will simplify the issues in question and trial of the case; and (3) whether a stay would

8   unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *PersonalWeb*

9   *Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations omitted).  "These

10  factors are general considerations that are helpful in determining whether to order a stay, but

11  ultimately the court must decide stay requests on a case-by-case basis."  *Palo Alto Networks, Inc.*

12  *v. Packet Intel. LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *1 (N.D. Cal. Sept. 28,

13  2020) (citation and quotation marks omitted).

**DISCUSSION**

**I.      STAGE OF THE CASE**

16         The relatively early stage of the case weighs in favor of a stay.  Discovery is not yet

17  complete, and no case schedule (including a trial date) has been set beyond claim construction.

18  *See* Dkt. Nos. 100, 102.  Although claim construction is scheduled for February 24, 2023, only the

19  opening brief has been filed.  Dkt. No. 115.  Courts routinely grant stays at later stages in the

20  proceedings, including when claim construction has already occurred.  *See, e.g., PersonalWeb*

21  *Techs., LLC v. Facebook, Inc.*, No. 13-CV-01356-EJD, 2014 WL 116340, at *3-4 (N.D. Cal. Jan.

22  13, 2014) (granting stay when claim construction had occurred but fact discovery remained open);

23  *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 6574188, at *3

24  (N.D. Cal. Dec. 12, 2018) (granting stay when claim construction was complete and "some

25  substantial discovery" had occurred, but "several costlier stages of pretrial preparation remain, not

26  to mention the trial itself"); *Trusted Knight Corp. v. Int'l Bus. Machs. Corp.*, No. 19-CV-01206-

27  EMC, 2020 WL 5107611, at *2 (N.D. Cal. Aug. 31, 2020) (granting stay where claim construction

28  had already occurred).

United States District Court
Northern District of California

1    The first factor supports a stay.

2    **II.      SIMPLIFICATION OF THE ISSUES**

3        "A stay is favored under the second factor when the outcome of the reexamination would

4    be likely to assist the court in determining patent validity and, if the claims were canceled in the

5    reexamination, would eliminate the need to try the infringement issue." *Contour IP Holding*, 2018

6    WL 6574188, at *3 (citation omitted).  Even if a claim survives IPR, the petitioner in that

7    proceeding "may not assert" in a civil action invalidity arguments that she "raised or reasonably

8    could have raised during that *inter partes* review."  35 U.S.C. § 315(e)(2); *see also Trusted*

9    *Knight*, 2020 WL 5107611, at *3 (finding simplification in part because of estoppel).

10       The IPR proceedings will almost certainly simplify the issues in this case with regard to

11   the '855 and '289 Patents.  The PTAB may cancel certain claims, which would eliminate the need

12   to determine infringement and would save the parties and the court time and money by avoiding

13   "going through expert discovery and dispositive motion practice with patent claims that PTAB has

14   already determined are likely invalid."  *See Huawei Techs., Co., Ltd. v. Samsung Elecs. Co., Ltd.*,

15   No. 16-CV-02787-WHO, 2018 WL 1471715, at *2 (N.D. Cal. Mar. 26, 2018).  Even if all of the

16   asserted claims survive, Uber will be bound by the estoppel provisions, which would also simply

17   the issues before me.

18       The parties primarily dispute whether this simplification extends to the two patents for

19   which the PTAB has not instituted IPR proceedings: the '724 and '355 Patents.  Uber contends

20   that simplification is "also virtually guaranteed" for these patents because of the "substantial

21   overlap" between the '724 and '355 Patents and the two patents undergoing PTAB review.  Mot.

22   at 6:3-10.  According to Uber, the four patents share subject matter, claim limitations, and claim

23   elements. *See id*. at 6:11-26, 8:19-9:2.  Three of the patents (the '855, '289, and '724 Patents) are

24   in the same patent family, while the fourth (the '355 Patent) "incorporates by reference and claims

25   priority to" another patent that is a continuation-in-part of the '724 Patent. *See id*. at 7:15-82; *see*

26   *also* Compl., Exs. A-D.  Moreover, Uber argues, the same products are accused under all of the

27   asserted patents. *Id*. at 8:8-18.

28       LBT responds that because PTAB instituted IPR on only two of the four patents, the

United States District Court
Northern District of California

1   majority of claims at issue "will remain before this court regardless of the instituted IPRs'

2   outcomes."  Oppo. [Dkt. No. 111] 3:12-14.  It also contends that construction of those claims will

3   remain before me rather than the PTAB, as "Uber elected to proceed under LBT's plain and

4   ordinary meaning constructions in its IPR petitions."  *Id*. at 4:12-17.  It argues the same about the

5   analysis of an element unique to the '355 Patent, which it states is not subject of asserted claims of

6   the other patents.  *See id*. at 4:23-5:2.

7        But "the issue is simplification, not elimination."  *See Rothschild Storage Retrieval*

8   *Innovations, LLC v. Sony Mobile Commc'ns (U.S.A), Inc*., No. 15-CV-00234-EDL, 2015 WL

9   13333678, at *3 (N.D. Cal. May 6, 2015).  Accordingly, courts in this District have stayed actions

10  where not every asserted patent was subject to IPR.  *See, e.g.*, *Palo Alto Networks*, 2020 WL

11  5760475, at *1 (granting stay in its entirety when four of the five patents asserted were subject to

12  IPR proceedings); *Twilio, Inc. v. TeleSign Corp.*, No. 16-CV-06925-LHK, 2018 WL 1609630, at

13  *2 (N.D. Cal. Apr. 3, 2018) (same, when two of the three patents-in-suit were subject to IPR

14  proceedings); *Netflix, Inc. v. CA, Inc.*, No. 21-CV-03649-EMC, 2022 WL 1144631, at *1 (N.D.

15  Cal. Mar. 30, 2022) (same, when four of the five asserted patents were subject to IPR proceedings

16  and noting "[t]hat some or even all claims may survive IPR and/or that IPR will not address all

17  invalidity issues does not negate efficiencies from a stay").

18       I agree with Uber that there is enough overlap between the four patents that the

19  simplification of the issues resulting from the PTAB's decisions on the '855 and '289 Patents will

20  extend to the '724 and '355 Patents.  The same products are accused under all of the patents-in-

21  suit, which share, among other things, subject matter and similar claim limitations and elements.

22  *See* Mot., Ex. 5 (comparing claim elements across the four patents).  Because this factor considers

23  the simplification of issues, rather than elimination, it too cuts in favor of a stay.

24  **III.     PREJUDICE**

25       The third and final factor also weighs in favor of a stay.  When deciding whether a stay

26  would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, courts in

27  this District apply a "four sub-factor analysis considering: (i) the timing of the reexamination

28  request; (ii) the timing of the request for stay; (iii) the status of reexamination proceedings; and

United States District Court
Northern District of California

(iv) the relationship of the parties." *Contour IP Holding*, 2018 WL 6574188, at *6 (citation and quotation marks omitted). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020) (same).

Uber timely filed both its IPR petitions and this motion to stay. It filed the former in April 2022, five months after this suit was filed and well before the one-year statutory deadline. *See* Mot. at 2:14-18.[1] It then brought this motion just over a week after the PTAB issued its institution decisions. *See* Dkt. No. 105; Mot., Exs. 1-4. The PTAB has instituted IPR proceedings on three of the four patents-in-suit, with its final decisions expected in early December. *See Netflix*, 2022 WL 1144631, at *2 (finding that the third sub-factor weighed in favor of a stay when the PTAB's IPR decisions were expected in eleven months).

Finally, although the parties dispute the nature of their relationship—Uber asserts that LBT is a non-practicing entity, which it denies—they appear to agree that they are, at the least, not direct competitors. *See* Mot. at 10:10-11 (LBT "is not a competitor with Uber"); Oppo. at 7:2-3 ("Just because Uber does not directly compete with LBT . . ."); *see also Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014) ("Courts are generally reluctant to stay proceedings where the parties are direct competitors"). And I am not compelled by LBT's argument that it would be prejudiced because it has licensed the inventions claimed in the asserted patents, primarily because "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *3 (N.D. Cal. Oct. 5, 2021); *see also* Oppo. at 6:26-7:9 (arguing in part that "it does not follow . . . that there is no prejudice that stems from Uber's refusal to pay license fees

---

[1] Uber filed another IPR petition to cover another claim in the '355 Patent on November 17, 2022 (which is also within the one-year deadline). *See* Mot. at 2:23-25. The PTAB has not stated whether it will institute proceedings on this claim. *See* Oppo. at 2 n.2. However, this pending petition does not change my analysis, as the PTAB has already instituted proceedings related to two of the asserted patents.

United States District Court
Northern District of California

1   that LBT would otherwise be entitled to collect").

2         Taken together, the sub-factors that speak to prejudice weigh in favor of a stay. In

3   addition, this case is at an early enough stage to support a stay. And ruling from the PTAB will

4   simply the issues for all of the patents, given the overlap between them. Accordingly, I GRANT

5   Uber's motion to stay this case pending the final resolution of the IPR proceedings.[2]

6                                   **CONCLUSION**

7         Uber's motion to stay is GRANTED. The parties shall provide notice to the court within

8   one week of the conclusion of the pending IPR proceedings or by December 14, 2023, whichever

9   occurs first. In that notice, the parties shall request that this matter be reopened, and that a Case

10   Management Conference be scheduled.

11         **IT IS SO ORDERED.**

12   Dated: January 19, 2023

13

14

15                                 William H. Orrick
                                  United States District Judge

16

17

18

19

20

21

22

23

---

24   [2] LBT says that it is "amenable to voluntarily dismiss, with or without prejudice, the instituted

25   claims of the '855 and '289 Patents if that dismissal would preclude a stay of the litigation."
  Oppo. at 9:17-22. It then says that if I "find a complete stay warranted even with a dismissal of

26   those claims, then LBT does not intend to dismiss those claims." *See id*. at 9 n.8. I would stay the
  case in its entirety even if LBT dismissed the claims arising from the '855 and '289 Patents,

27   primarily because of the overlap between all four patents. As explained, this means that the
  PTAB's decisions on the '855 and '289 Patents will simplify the issues related to the other patents

28   as well. Moreover, judicial economy and efficiency favors handling all four patents in one suit.

United States District Court
Northern District of California